FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Sep 15, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MARCOS RAMIREZ-MERCADO,

Movant,

-vs-

UNITED STATES OF AMERICA,

Respondent.

No.    2:17-CR-0101-WFN-1

ORDER DENYING § 2255 MOTION

Before the Court is Mr. Ramirez-Mercado's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence.  ECF No. 1514.  The Motion is submitted by Mr. Ramirez-Mercado, who is appearing *pro se* in these proceedings.

### BACKGROUND

Mr. Ramirez-Mercado pled guilty to two counts of the Superseding Information charging: (1) Conspiracy to Distribute 5 Kg. or More of a Mixture and Substance Containing a Detectable Amount of Cocaine; and (2) Possession of Firearms in Furtherance of a Drug Trafficking Crime.  The Court sentenced Mr. Ramirez-Mercado to 168 months on Count 1 of the Superseding Information and 60 months consecutive on Count 2.

### DISCUSSION

The statute provides that only if the Motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255(b).  The Rules regarding Section 2255 Proceedings similarly state that the Court may summarily order dismissal of a 2255 motion without service upon the United States Attorney only "if it plainly appears from the motion, and any attached exhibits, and the record of prior

proceedings that the Movant is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. When a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

To gain relief, Mr. Ramirez-Mercado must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Ramirez-Mercado is under the custody of a sentence of this court, so has established the first part of this test.

## STATUTE OF LIMITATIONS

The Court will accept Mr. Ramirez-Mercado's submission as timely. The statute establishes a one-year period of limitation for filing a § 2255 motion which runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Mr. Ramirez-Mercado was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (West 2013). The Motion is untimely unless 1) facts exist that would extend the one year period of limitation or 2) extraordinary circumstances exist which require equitable tolling of the period of limitation.

ORDER ON § 2255 MOTION - 2

The Ninth Circuit has ruled that equitable tolling is an alternative basis for finding a petition to be timely.  *United States v. Battles,* 362 F.3d 1195, 1196 (9th Cir. 2004). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). An extraordinary circumstance is some external impediment that caused his untimeliness.  *Bryant v. Arizona Atty. Gen.,* 499 F.3d 1056, 1061 (9th Cir. 2007). The circumstance must be beyond the prisoner's control.  *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003).   In addition, the prisoner must show a causal connection between the extraordinary circumstance and his failure to timely file his motion.  *Id.* Although equitable tolling is justified in a few cases, the threshold to establish such tolling is very high." *Id*.

Mr. Ramirez-Mercado acknowledges that the Motion is not timely but asks that the Court apply equitable tolling due to a prolonged lockdown and lack of access to the law library during the COVID-19 pandemic.  The Court acknowledges that the pandemic caused months long lockdowns in many institutions so will accept Mr. Ramirez-Mercado's submission as timely.  However, as seen below, the grounds alleged have no merit, so the Motion is denied.

Mr. Ramirez-Mercado fails to provide a legal basis for his Motion as neither the conviction nor sentence violated federal law or the constitution.  Mr. Ramirez-Mercado argues that *United States v. Davis*, 139 S. Ct. 2319 (2019), which invalidated the residual clause of 18 U.S.C. § 924(c), applies to his case.

> [A]ny person who, during and in relation to any crime of violence **or** drug trafficking crime that provides for enhanced punishment if committed by the use of a deadly or dangerous weapon or device for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence **or** drug trafficking crime—(i) be sentence to a

term of imprisonment of not less than 5 years. 18 U.S.C. § 924(c)(A). (emphasis added)

Mr. Ramirez-Mercado pled to possession of a firearm in furtherance of a <u>drug trafficking crime</u>, not a crime of violence. The residual clause only applies to crimes of violence not specified in the statute. Drug trafficking is not a crime of violence, but is a basis for application of § 924(c). Since Mr. Ramirez-Mercado pled to possession in furtherance of a drug trafficking crime, the rule announced in *United States v. Davis,* does not apply to Mr. Ramirez-Mercado.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus a certificate of appealability should not issue.

The Court has reviewed the file and Mr. Ramirez-Mercado's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Mr. Ramirez-Mercado's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed September 13, 2021, **ECF No. 1514**, is **DENIED**.

2. Mr. Ramirez-Mercado's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 924(c), filed September 13, 2021, **ECF No. 1515**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Mr. Ramirez-Mercado

- Inform the Ninth Circuit Court of Appeals that if the Mr. Ramirez-Mercado files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 2:21-CV-0274-WFN.

**DATED** this 15th day of September, 2021.

09-14-21

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER ON § 2255 MOTION - 5